Jack L. LINTON, Petitioner-Appellant,

v.

E. P. PERINI, Superintendent,
Respondent-Appellee.

No. 80–3764.

United States Court of Appeals,
Sixth Circuit.

Argued April 16, 1981.

Decided July 24, 1981.

Elizabeth Manton, Asst. Public Defender, Columbus, Ohio, for petitioner-appellant.

David E. Stocker, Asst. Atty. Gen., Lianne Santellani, Columbus, Ohio, for respondent-appellee.

Before WEICK and MERRITT, Circuit Judges, and GILMORE,* District Judge.

GILMORE, District Judge.

This is an appeal from the denial of a habeas corpus petition. Petitioner-appellant claims he was denied the right to select counsel of his own choice in a criminal trial, and also was denied effective assistance of counsel. We find that he was denied the right to employ counsel of his own choosing without a sufficient reason, and therefore reverse.

Appellant was arraigned in the Ohio Common Pleas Court on five felony counts (one of kidnapping and four of rape) on May 8, 1978. He was represented by retained counsel, Angelo A. Fanelly, and pled not guilty. Pretrial was scheduled for May 15, 1978, and trial for May 18, 1978. At the arraignment, Fanelly, appellant's retained counsel, requested that the trial judge schedule trial for early June rather than May 18. He stated he had other obligations and could not properly prepare for trial on May 18.[1] The trial judge refused to reschedule the trial date over appellant's objections. At that point, Fanelly withdrew. The Court allowed the withdrawal and instructed appellant to hire another lawyer for the trial ten days hence, on May 18.

On the same day, appellant stated that he could not obtain counsel and the trial court appointed Robert Bulford to represent him. Bulford immediately moved for a continuance, claiming he needed more time to prepare the case for trial. This motion was denied by the Court. On the morning of trial, May 18, Bulford again requested a continuance so that appellant's original retained counsel could resume his representation. This motion was denied, but the court did move the trial date to May 22 because of the court's own scheduling problems. Trial commenced with Bulford as counsel

on May 22, and on May 24 the jury returned a verdict of guilty on four of the five charges. Appellant was eventually sentenced to a period of incarceration of from seven to 25 years. The Ohio Court of Appeals affirmed the judgment on December 29, 1978, and the Supreme Court of Ohio denied leave to appeal on April 26, 1979.

Appellant then brought this habeas corpus proceeding in the United States District Court for the Northern District of Ohio. That Court's Magistrate made a detailed report on September 19, 1980, recommending that the petition be dismissed. This recommendation was adopted by the District Court on October 22, 1980, and the matter is here on appeal.

In his opinion, the District Court Magistrate held that the State had not met its burden of showing that the denial of the continuance was reasonable, and that appellant had established a denial of his constitutional right to be represented by counsel of his own choice. The Magistrate, citing *Giacalone v. Lucas*, 445 F.2d 1238 (CA6 1971), however, concluded that appellant had not met his burden of establishing prejudice as a result of the trial court's deprivation of his right to representation of counsel of his choice, and therefore recommended that the writ be denied. This recommendation was adopted by the District Court.

It is axiomatic that in all criminal prosecutions the accused enjoys the right to have assistance of counsel for his defense,[2] and implicit in this guarantee is the right to be represented by counsel of one's own choice. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). In *Chandler v. Fretag*, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954), the Court said:

defendant must be given a reasonable opportunity to employ and consult with counsel; otherwise, the right to be heard by counsel would be of little worth....

---

* Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. In his affidavit, Mr. Fanelly stated that:
   "I could not properly or adequately defend Mr. Linton on such serious charges in a peri-

od of approximately three weeks. There were witnesses to cover, discovery, etc."

2. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

By denying petitioner any opportunity whatever to obtain counsel in the habitual criminal accusation, the trial court deprived him of due process of law as guaranteed by the Fourteenth Amendment." Id. at 10, 75 S.Ct. at 5.

The right to choose one's own counsel is an essential component of the Sixth Amendment because, were a defendant not provided the opportunity to select his own counsel at his own expense, substantial risk would arise that the basic trust between counsel and client, which is a cornerstone of the adversary system, would be undercut.

█ It is also true that a trial court, acting in the name of calendar control, cannot arbitrarily and unreasonably interfere with a client's right to be represented by the attorney he has selected. On the other hand, the right to counsel of choice may not be used to unreasonably delay trial.

█ When a defendant's chosen counsel represents that he cannot meet a set trial date and requests a continuance, a trial court considering such a request must be sensitive to the defendant's right to counsel of his choice, as well as the public's interest in prompt and efficient administration of justice. If the court finds that the delay is an attempt to manipulate a trial, or causes prejudice to the prosecution, or creates difficulties for the trial court, the trial court may interfere with the defendant's right to counsel of his own choice and require the case to proceed. On the other hand, where the request is reasonable, where there have been no prior adjournments, where the length of delay is moderate, and where the adjournment seems to be for legitimate reasons, the court should allow a reasonable adjournment to permit a defendant to have retained counsel of his own choice.

█ This does not mean that a trial court cannot tightly control its own docket, or that its assignment of cases can be manipulated by defense counsel and defendants. A court must always keep control of its own docket, but in doing so it must be reasonable and consider the constitutional right of a defendant to have retained counsel of his choice.

A leading case on the subject is *United States v. Burton*, 584 F.2d 485 (CA D.C. 1978). There the court held that the right to retain counsel of one's own choosing is not absolute, and where a continuance is sought to retain or replace counsel, the right to select counsel must be carefully balanced against the public's interest in the orderly administration of justice. It also held that what is a reasonable delay for securing additional counsel, once adequate counsel has been obtained, depends upon all of the surrounding facts and circumstances. The Court said, inter alia:

"... An essential element of the Sixth Amendment's protection of the right to assistance of counsel is that a defendant must be afforded a reasonable opportunity to secure counsel of his own choosing. As the Supreme Court stated in *Powell v. Alabama*, 287 U.S. 45, 53 S[up].Ct. 55; 77 L.Ed. 158 (1932) '[I]t is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice.' 287 U.S. at 53; 53 S[up].Ct. at 582. An accused who is financially able to retain counsel must not be deprived of the opportunity to do so.

"Yet the right to retain counsel of one's own choice is not absolute. The right 'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.' The public has a strong interest in the prompt, effective, and efficient administration of justice; the public's interest in the dispensation of justice that is not unreasonably delayed has great force." Id. at 488, 489.

The Court went on to point out that the right of choice of counsel is related to the right to adequate time to prepare for trial. It emphasized that counsel is not entitled to unlimited preparation time, but only to reasonable preparation time. It also found a due process right to counsel of one's choice, as well as a Sixth Amendment right.

Commenting on the factors to be considered in determining reasonable delay, the Court held:

"What is a reasonable delay necessarily depends on all the surrounding facts and circumstances. Some of the factors to be considered in the balance include: the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether defendant has other competent counsel prepared to try the case, including the consideration of whether other counsel was retained as lead or associate counsel; whether denying the continuance will result in an identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case." Id. at 490, 491.

*Burton* found the existence of prejudice as only one of a number of factors to be considered in balancing the interests of the criminal defendant with other considerations such as the interest in orderly procedure and the interest in avoiding manipulation of the judicial process.

"The question . . . is whether appellant was afforded his constitutional right to select his own counsel. In determining whether the right was violated, the existence of prejudice is only one of the factors to consider. *The existence of prejudice to the case is not a prerequisite to a constitutional violation in this context . . .*" (Emphasis added) Id. at 498.

In *Ungar v. Sarafite*, 376 U.S. 575, 84 S.ct. 841, 11 L.Ed.2d 921 (1964), the Court considered the matter under a due process analysis. It said:

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence. . . . Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. . . . *There are no mechanical tests* for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. . . ." (Emphasis added) Id. at 589, 84 S.Ct. at 849.

The Sixth Circuit has addressed the matter. A leading case is *United States v. Johnston*, 318 F.2d 288 (CA6 1963). There the accused was told on Friday that the counsel he had employed could not appear for him at trial but that the counsel's associate would try the case. The accused objected to this but was required to go to trial on the following Tuesday, represented by associate counsel who was not of his own choosing. The court held that the defendant was deprived of a fair opportunity and a reasonable time to select his own counsel, in violation of the Sixth Amendment. Discussing the issue, the court said:

"The Amendment does not concern itself with who the counsel may be or how the counsel may be selected. But if a defendant in a criminal case desires to hire his own counsel, in order that the object of the Sixth Amendment be met, such defendant must have fair opportunity and reasonable time to employ counsel of his own choosing. . . .

"Therefore the question boils down to whether appellant Balk had fair opportunity and a reasonable time to select a counsel of his own choice.

   \*    \*    \*    \*    \*    \*

" . . . *Actually it seems to us that appellant Balk was not prejudiced by the action of the District Judge in this respect, but this situation does not satisfy appellant Balk's rights under the Sixth Amendment. . . .*

"The weekend, from Friday until Tuesday, was not a reasonably sufficient time to give appellant Balk fair opportunity to select and employ counsel of his own choosing. We, therefore, rule that appellant Balk was deprived of a fair opportunity and a reasonable time to select his own counsel.

". . . the case will have to be returned to the District Court as to appellant Balk, . . ." (Emphasis added) Id. at 291.

The Sixth Circuit also considered the issue in *Giacalone v. Lucas*, 445 F.2d 1238 (CA6 1971). There the Court held that the refusal of the state trial court to grant a continuance under the facts was not improper and not a denial of due process. It recognized the authority of *Johnston*, but distinguished it upon the facts. It recognized fully the constitutional status of the selection of one's own counsel, and set forth the factors to be considered in determining the reasonableness of a delay.

Significantly, *Giacalone* also considered prejudice as *one* factor in balancing the criminal defendant's Sixth Amendment right to counsel of choice with the other competing concerns where the court stated:

"*In addition*, we do not lose sight of the fact that the real issue here is whether Messrs. Barris and Fink properly and competently represented the Appellant. (Emphasis added) *Giacalone* at 1243.

The foregoing statement in *Giacalone* has been read by the appellee to overrule *Johnston* and require that the criminal defendant prove that he was prejudiced. Such is not the law. *Giacalone* involved facts strongly indicating a contrivance on the part of defense counsel in that case. *Giacalone* carefully distinguished *Johnston* on its facts, thereby preserving *Johnston's* essence.

Other cases involving the balancing of the trial judge's discretionary power to deny continuances and Sixth Amendment right to counsel of choice include *United States v. Leavitt*, 608 F.2d 1290 (CA9 1979); *Gandy v. Alabama*, 569 F.2d 1318 (CA5 1978); *United States v. Inman*, 483 F.2d 738 (CA4 1973).

■ In the instant case, defendant was forced to go to trial with an attorney appointed by the court after he had been able to retain his own attorney who could not prepare the case in the ten days allowed by the trial court. The criminal case involved five serious felony counts and the basic issue was the credibility of the witnesses.

Where, as in this case, there is no guilty plea, no disinterested eye witness to the defendant's crimes, and no confession, the determination of guilt or innocence will hinge largely upon the credibility of the complaining witness. In order for an attorney to properly investigate an alleged rape and kidnapping under these circumstances, the complainant's background must be explored and the statements of persons with whom she discussed the alleged crimes shortly after their occurrence obtained.

Defendant's appointed counsel admits that he was not able to thoroughly investigate the background of the prosecutrix and did not interview several potential witnesses. The only defense presented at trial was that of consent. In light of these facts, the Court doubts that the 10 days or 14 days afforded here were adequate. To say that appellant's attorney's modest request for more time to investigate a very serious felony case was dilatory is to stretch credulity.

Even in the absence of an evident showing of prejudice to the defendant, the facts here are sufficient to merit the reversal of the District Court.

■ A key consideration in the right to counsel under the Sixth Amendment is a reasonable opportunity to employ and consult with counsel. *Chandler v. Fretag, supra*. Every person has a constitutional right to retain at his own expense his own counsel so long as that right does not unreasonably interfere with the normal progress of a criminal case. Conversely, a state may not arbitrarily interfere with this right in the name of docket control. Evidence that a defendant was denied this right arbitrarily and without adequate reason is sufficient to mandate reversal without a showing of

prejudice. Basic trust between counsel and defendant is the cornerstone of the adversary system and effective assistance of counsel.

Here, it is clear that the state trial judge acted unreasonably and arbitrarily in setting the case for trial 10 days after the arraignment, over the protest of appellant's attorney that he needed more time to prepare for the trial of these serious charges. All the lawyer asked for was a short adjournment of two or three weeks to properly prepare, and to arrange his own calendar. Defendant's retained counsel had not received any prior continuances and nothing in the record indicates that the requested continuance involved a scheme to delay the trial. There was no showing of inconvenience to the witnesses, opposing counsel, or the court. The length of the requested delay was not unreasonable. Moreover, as noted above, the case involves five serious felony counts, four for rape and one for kidnapping. Under these circumstances, counsel's request was reasonable, and in denying it and forcing appellant's retained counsel to withdraw, the trial judge violated the Sixth Amendment right of appellant to retain counsel of his own choosing.

This Court, of course, recognizes the importance of docket control and the necessity that trial judges keep a firm hand in controlling their dockets. Nothing in this opinion should be construed to suggest otherwise. But on the other hand such docket control must not be exercised in an arbitrary manner so as to deny a defendant the right to have his own retained counsel.

The Court concludes that there is a basis for the issuance of the writ in this case, and that the denial of appellant's right to have counsel retained by him represent him violated the Sixth Amendment. A short adjournment should have been given, and appellant should have been allowed to proceed with his own retained counsel.

Harmless error tests are not relevant to the instant case. In *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), the court held that the Sixth Amendment's guarantee of the assistance of counsel is among those constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error. It said:

"Moreover, this court has concluded that the assistance of counsel is among those 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.' *Chapman v. California,* supra [386 U.S. 18], at 23 [87 S.Ct. 824 at 827, 17 L.Ed.2d 705]. Accordingly, when a defendant is deprived of the presence or assistance of his attorney, either throughout the prosecution or during a critical stage in, at least, the prosecution of a capital offense, reversal is automatic . . ." Id. at 489, 98 S.Ct. at 1181.

And in a slightly different context in *Beasley v. United States*, 491 F.2d 687 (CA6 1974), the Court held:

" . . . Harmless error tests do not apply in regard to the deprivation of a procedural right so fundamental as the effective assistance of counsel . . ." Id. at 696.

For the reasons given, the judgment of the District Court is reversed and the case is remanded with instructions to release appellant unless a new trial is commenced within 120 days of the mandate of this court.

Reversed and remanded.