**Pamela D. GREEN, Plaintiff,**

v.

**Dorothy J. ARN, Supt., Defendant.**

**No. C84–3026.**

United States District Court,
N.D. Ohio, E.D.

Aug. 16, 1985.

Paul Mancino, Jr., Cleveland, Ohio, for plaintiff.

Stuart A. Cole, Ass't Atty. Gen., Columbus, Ohio, for defendant.

## ORDER

BELL, District Judge.

Presently before the court is Pamela Green's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Green challenges her convictions of two counts of kidnapping and three counts of gross sexual imposition. On January 24, 1985, Magistrate Laurie filed his report and recommended that the petition be denied. Thereafter, on January 31, 1985, the petitioner timely filed her objections to the magistrate's report.

The petitioner raised six separate grounds in the petition for the writ; however, only that relating to petitioner's right to counsel under the sixth amendment was noted in the objections filed on January 31, 1985. In this regard, the court has reviewed the other five grounds in the petition and finds that the record does not support the granting of the writ of habeas corpus on any of those grounds. In addition, the court has reviewed the magistrate's report and recommended decision and finds that the report fully addresses each of them. Thus, the court's inquiry shall be directed to the petitioner's right to counsel claims under the sixth amendment.

The record in this action reveals an unusual series of facts concerning the conduct of Green's counsel, Mr. Carlin, during the course of trial. Green was a co-defendant at trial with two other defendants who were represented by separate counsel, Mr. Shaughnessy.

On the morning of June 2, 1983, the petitioner's trial to a jury commenced and opening statements were given by the prosecutor and both defense attorneys. Immediately thereafter the state called, as its first witness, one Maureen McNea, who was alleged to have been a victim of the defendant's criminal acts. This witness testified on direct examination that Green was an active participant in her kidnapping and the sexual imposition visited upon her. At the conclusion of the state's examination, Mr. Shaughnessy commenced his cross-examination of the witness; this questioning continued for approximately forty-five minutes until the lunch recess.

After the ninety minute lunch recess, Mr. Shaughnessy resumed his cross-examination of Miss McNea. At this point in the proceedings, the record reflects that Green's counsel, Mr. Carlin, was no longer in the courtroom and had not returned after the lunch recess for any of the afternoon session. Instead, Mr. Carlin was attending a scheduled hearing in another courtroom on behalf of a different client. The trial court did not discuss Carlin's absence with the petitioner nor was Carlin's absence discussed or explained in the presence of the jury. After approximately two hours of additional cross-examination by Mr. Shaughnessy, and a short re-direct by the prosecutor, the witness was dismissed and a short afternoon recess was given to the jury.

During the recess and outside of the presence of the jury, Mr. Shaughnessy requested that the court detain the witness until Mr. Carlin could be present and able to cross-examine. The trial judge responded to the request as follows:

THE COURT: Let the record reflect the Court, in anticipation of this problem with Mr. Carlin, discussed it with him prior to the lunch break, and he informed me that he would be content with Mr. Shaughnessy's cross-examination on behalf of all three defendants, so with that assurance, the Court feels that one cross-examination is sufficient.

(Trial Transcript at 299.) Thereafter, the trial judge informed the prosecutor that the witness would not have to be available for any further proceeding connected with the trial.

At this point in the proceedings, the defendant requested, and was permitted, the opportunity to address the court; the following dialogue occurred:

DEFENDANT GREEN: I would like to find out if we could have this case continued until I have the benefit of my attorney being here in the courtroom with me while this trial is going on?

MR. SHAUGHNESSY: Can he come back?

THE COURT: Why?

MR. SHAUGHNESSY: Do you know where your attorney is, Miss Green?

DEFENDANT: He is in another trial at this time.

MR. SHAUGHNESSY: Why don't you just hold the girl here until—

THE COURT: We will go until 4:30. When Mr. Carlin come [sic] back, maybe we can go back into that.

Well, Miss Green, do you feel that by virtue of the fact your attorney, Mr. Carlin, has been in and out the last several days, do you feel that this is not according to the way you want it to go? You prefer to have Mr. Carlin present at all times?

DEFENDANT GREEN: Yes, I do prefer to have him.

THE COURT: Well, then, I suppose she certainly has the right to counsel, Mr. Carlin.

(Trial Transcript at 305–306.) At no time during the above dialogue was Mr. Carlin present in the courtroom. After further discussions in the judge's chambers which are not on the record, an adjournment was taken until the next day.

The next morning, June 3, 1983, Green's counsel was present for the proceedings and the following statements were placed on the record prior to the taking of any further testimony.

THE COURT: All right, Mr. Carlin, I understand you want to go on the record.

MR. CARLIN: Yes, Your Honor. I have no questions of the witness, Maureen McNea, and I have been informed by my client, Pamela Green, that she wishes to have me withdraw and find new counsel. I have to inform the Court of that.

THE COURT: All right. Miss Green, the Court will not permit that at this stage of the trial. This trial must proceed. All right. Call the jury.

(Trial Transcript at 308.)

Later that morning the defendant wrote her attorney a note and had counsel move for a mistrial on the stated grounds that her attorney was "not being present during trial." (TR. 403). This motion was denied by the trial court and the judge *sua sponte*

and without any explanation in the record immediately revoked her bond. (TR 404).

The basic issue before this court is whether the absence of Green's counsel during the examination of a witness by counsel for the co-defendants constitutes a violation of her sixth amendment right to counsel. The sixth amendment to the Constitution provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

The assistance of counsel language in this amendment has been construed by the courts to provide the accused in a criminal action with various fundamental rights. These rights include the right to have counsel appointed if the defendant is financially unable to afford counsel, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); and the right of self-representation if the accused elects to forego the assistance of counsel. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1974). In addition, the defendant is entitled to have the effective assistance of counsel, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Martin v. Rose,* 744 F.2d 1245 (6th Cir.1984); and the right to retain and consult with counsel of her choice, *Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); *United States v. Reese,* 699 F.2d 803 (6th Cir.1983); *Linton v. Perini,* 656 F.2d 207 (6th Cir.1981), *cert. denied* 454 U.S. 1162, 102 S.Ct. 1036, 71 L.Ed.2d 318 (1982). This action requires an examination of the petitioner's right to consult with counsel of her choice and whether counsel was ineffective.

Recently the Supreme Court rendered two decisions which are relevant to the petition before this court. In *Strickland v. Washington, supra,* the petitioner claimed that his counsel was ineffective at trial since he failed to present character witnesses on behalf of the accused and failed to obtain various psychiatric reports. There were no claims at the trial proceedings that defense counsel was incompetent nor was any request made by the accused or on his behalf to have the action continued.

The *Strickland* Court rejected the petitioner's claims and defined a two-pronged test to be applied when reviewing most claims of ineffective assistance of counsel in a habeas corpus petition. Under the *Strickland* test a petitioner must first demonstrate that counsel's performance failed to meet a minimum objective standard of reasonableness, and second the petitioner must demonstrate that the deficient performance of counsel resulted in prejudice to the defense. 104 S.Ct. at 2065, 80 L.Ed.2d at 695. This prejudice to the accused is determined by assessing the entire record to see "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." 104 S.Ct. at 2069, 80 L.Ed.2d at 698.

The application of the two-pronged test set forth above does not automatically apply to all cases involving the right to counsel or the effective assistance of counsel. As acknowledged in *Strickland,* the prejudice to the accused is legally presumed to result when there has been an "actual or constructive denial of the assistance of counsel." 104 S.Ct. at 2067, 80 L.Ed.2d at 696.

In *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), decided on the same date as *Strickland,* the Court identified some of the circumstances that present violations of the accused right to counsel as a matter of law without any showing of actual prejudice. The Court stated:

> Most obvious, of course, is the complete denial of counsel. The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial. Similarly, if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself is presumptively unreliable. No specific showing of prejudice was required in *Davis v. Alaska,* 415 U.S. 308, 39 L.Ed.2d 347, 94 S.Ct. 1105 (1974) because the petitioner had been "denied the right of effective cross-examination" which " 'would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.' " *Id.* at 318, 39 L.Ed.2d 347, 94 S.Ct. 105 (citing *Smith v. Illinois,* 390 U.S. 129, 131, 19 L.Ed.2d 956, 88 S.Ct. 748 (1968), and *Brookhart v. Janis,* 384 U.S. 1, 3, 16 L.Ed.2d 314, 86 S.Ct. 1245 (1966)).
>
> Circumstances of that magnitude may be present on some occasions when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial. (Footnote omitted.)

*United States v. Cronic, supra* at ——, 104 S.Ct. at 2047, 80 L.Ed.2d at 668.

■ It is clear from the above decisions that a petitioner asserting a claim of ineffective assistance of counsel must demonstrate either that he was denied counsel at a critical stage of the proceedings or establish the requirements set forth in *Strickland.* However, once the record reveals that the accused was denied counsel at a critical stage of the proceedings, this court must find, as a matter of law, that a constitutional error was committed. See *United States v. Cronic, supra* 104 S.Ct. 2047 at n. 25.

In this action the magistrate applied the two-pronged test enunciated in *Strickland* in his report to this court. The magistrate

found that a review of the entire record demonstrated that the petitioner did not show how counsel's absences resulted in any actual prejudice. In essence, the magistrate found that the evidence in the record clearly demonstrated the guilt of the accused and that she would have been so found by the jury regardless of the attendance practice of her counsel. This court, however, must disagree with the application of the *Strickland* test in this action. Instead, the record must first be reviewed to determine whether the petitioner was denied her right to counsel during a critical stage in the proceedings.

The Supreme Court has found that the denial of access to counsel prior to trial at a preliminary hearing, *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), a custodial interrogation, *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), or an arraignment, *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), violates the sixth amendment rights of the accused because each of these proceedings is a critical step in the prosecution of the defendant. The Court has also held that the accused's fundamental rights are violated by the denial of assistance of counsel at the trial, *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), or at the appellate level, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). It is undisputed that the trial itself must be considered to be a critical stage of the proceedings.

■ In this action, the petitioner had access to her retained counsel during most of the trial proceedings unlike those cases in which the accused was tried without any representation whatsoever. However, the petitioner was *not* represented by counsel during the one afternoon session of the trial because counsel had left the courtroom to appear in another court. This absence of counsel during the taking of evidence at her trial must be found, as a matter of law, to violate the petitioner's fundamental constitutional right to assistance of counsel. Thus, the petitioner does not have to demonstrate any actual preju-

dice as defined in the two-pronged test in *Strickland v. Washington, supra.*

As the trial itself constitutes a critical stage of the total proceedings in which defendant was involved, the presentation of the testimony of an alleged victim of defendant's criminal activity constitutes a critical stage of the trial. At the risk of stating a fact too obvious to mention, one of the duties of trial counsel is to be with and afford representation to his client during the course of the trial. The simplest form of representation—and the very least to which the client is entitled—is the physical presence of counsel in the courtroom while testimony is being given. It is axiomatic that the trial not proceed absent the presence of the attorney for the defendant, *Geders v. United States, supra* at 88; *Javor v. United States*, 724 F.2d 831, 834 (9th Cir.1984); or absent some effective waiver of his presence by the client *Martin v. Rose, supra* at 1251; *United States v. Reese, supra* at 805.

■ But, the question posed by counsel's voluntary absenteeism from the courtroom—in this instance because he was actively representing another defendant in another courtroom—is but half the question raised by petitioner in this cause. What of the responsibility of the trial judge, who with knowledge of counsel's absence, allows the trial to continue. Surely it cannot be said that defendant was in control of the trial proceedings; the trial judge was. Neither can it be argued that the deprivation claimed by petitioner because of her lack of representation was one which was self-invited. The facts here illustrate clearly that the trial judge knew Ms. Green's attorney would not be present and why. With such knowledge, he did not advise petitioner that counsel would not be in court; did not ask for or discuss her waiver of counsel's presence and did allow the state's witness to leave after her testimony was completed even though she had not been subjected to Ms. Green's cross-examination. It could not be said that the error discussed can be categorized in any manner as being harmless in nature. It

can be said that the continuation of the trial proceedings in the manner briefly described above constitute a deprivation of petitioner's rights and that deprivation is of constitutional proportion. Rulings by a trial court which prevent defense counsel from assisting a defendant during a critical stage of the proceedings are not subject to review under a harmless error standard. *See, United States v. Cronic, supra* at ——, 104 S.Ct. at 2047, 80 L.Ed.2d at 668; *McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); *Geders v. United States, supra; Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); *Siverson v. O'Leary,* 764 F.2d 1208 (7th Cir.1985); *Wilson v. Mintzes,* 761 F.2d 275 (6th Cir.1985).

The absence of counsel for a period of more than two hours under the circumstances referred to above constitutes, in my opinion, ineffectiveness of counsel per se. Under these circumstances it is not necessary to prove that defendant was prejudiced; it is enough to prove the fact, to which the prejudice attached. Logic guides us to the thought that if we were to suggest otherwise, the absence of counsel for a day—or three days—would not constitute ineffectiveness of counsel unless it were somehow shown that defendant had been actually prejudiced by the absence.

 The right of the accused to have access to counsel at all critical stages of the proceedings includes the right to have counsel present during the presentation of all of the evidence at the trial proceedings. Each part of the trial must be deemed to be a critical stage of the proceedings and mandates that the accused have access to her counsel.

In this action the trial judge clearly had a responsibility to protect the constitutional rights of the accused. The judge was informed of the petitioner's counsel's scheduling problem prior to recessing that morning and chose to proceed with the prosecution of the action without counsel. This decision to proceed without defense counsel was done without the expressed consent or waiver of the defendant. Thus, a constitu-

tional error was committed which violated the rights of the accused.

Accordingly, the writ of habeas corpus shall issue and the petitioner shall be released unless within ninety days of this order the State of Ohio begins new trial proceedings against her.

IT IS SO ORDERED.