780 F.2d 1020
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
MARIO DRESCHER, Petitioner-Appellant
v.
RONALD C. MARSHALL, Respondent-Appellee.
 84-3976
 United States Court of Appeals, Sixth Circuit.
 11/25/85
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: LIVELY, Chief Judge; MERRITT and JONES, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Petitioner appeals the denial of his petition for habeas corpus.
 
 
 2
 Mario Drescher was convicted of nine counts of aggravated robbery under section 2911.01, and of nine counts of kidnapping under section 2905.01 of the Ohio Revised Code. At the outset of the trial, his counsel moved for a continuance, claiming that he/had insufficient time for preparation, and that going to trial at that point would deny his client the effective assistance of counsel. The motion was denied. At trial, the results of photo identification proceedings were admitted into evidence. Defense counsel objected on the grounds that the identification procedures in question had been overly suggestive. The objection was overruled. Petitioner was convicted and sentenced to a term of 103 to 345 years, plus a fine of $106,000. On appeal to the Ohio Court of Appeals, petitioner claimed a number of errors, including error in not granting the requested continuance, improprieties in the identification procedure and improper sentencing in that he was sentenced for six counts of aggravated robbery where only three separate robberies (for a total of six victims) had been shown. The Ohio Court of Appeals agreed with this last assignment of error, and accordingly reduced Drescher's sentence to from 15 to 270 years and a fine of $76,000. The Ohio Supreme Court declined review, finding no substantial constitutional question.
 
 
 3
 Shortly thereafter, petitioner filed a petition for habeas corpus in the Northern District of Ohio (Bell, J.). In that petition, petitioner presented essentially the same claims as had been presented before the Ohio Court of Appeals. In an extensive and well-reasoned report, U.S. Magistrate Charles Laurie found the petitioner's claims to be without merit. That recommendation was adopted by Judge Bell over the objections of petitioner, and habeas corpus relief was denied. From this petitioner appeals.
 
 
 4
 Before reaching the merits, however, we must consider the State's argument that Drescher failed to exhaust his state remedies as to his ineffective assistance of counsel claims. Specifically, the State claims that although petitioner did claim that the trial court denied him the effective assistance of counsel when it refused to grant his motion for a continuance, petitioner did not raise the issue of specific acts of incompetence by his counsel in the state courts. The Government thus urges that we must dismiss petitioner's claim as containing both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509 (1982). We disagree. At the time the motion for continuance was made Drescher's counsel objected that going ahead with trial would make it impossible for him to effectively represent his client. That issue was presented in the state courts, and was sufficient to preserve the claims of specific instances of ineffective assistance.
 
 
 5
 On reaching the merits, however, we find that the District Court acted correctly. The state court's denial of a continuance will give rise to habeas only if it constitutes a denial of 'fundamental fairness.' Shaw v. Boney, 695 F.2d 528 (7th Cir. 1983). See also Unger v. Sarafite, 376 U.S. 575 (1964); Linton v. Perini, 656 F.2d 207 (6th Cir. 1981), cert. denied, 454 U.S. 1162 (1962). In this case, Drescher had been indicted in eight cases involving over forty first-degree felonies, some of which had been on the court's docket for over a year. Drescher had been through several attorneys prior to trial, and the state protested that its case was being prejudiced by delay. Under the circumstances, we cannot find that there was an abuse of discretion depriving petitioner of fundamental fairness.
 
 
 6
 Drescher also objects to the use of photographic identifications that, he argues, were unreasonably suggestive. However, the procedures used appear to have satisfied the test provided for by Neil v. Biggers, 409 U.S. 188 (1972) (opportunity of witness to view the accused at the time of the crime, witness's degree ofattention, accuracy of his/her prior description of accused, the level of certainty demonstrated at the confrontation, and the time elapsed between the crime and the confrontation, all to be weighed against the suggestiveness of the identification itself). See Manson v. Brathwaite, 432 U.S. 98 (1977).
 
 
 7
 We are unable to reach petitioner's claim that the trial court erred in admitting identification evidence without making specific findings as that issue was waived by petitioner's failure to make timely objection. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Fornash v. Marshall, 686 F.2d 1179 (6th Cir. 1982).
 
 
 8
 A review of the record does not support petitioner's claims that trial counsel erred sufficiently to deny him the effective assistance of counsel. Neither his individual claims nor the cumulative impact of all of his counsel's alleged errors deprived him of a fair trial. The standard used in determining whether there was effective assistance of counsel is whether counsel was reasonably competent under prevailing professional standards. See Strickland v. Washington, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Beasley v. United States, 491 F.2d 687 (6th Cir. 1974). It does not appear that that standard of competence was violated here.
 
 
 9
 Accordingly, the judgment of the District Court denying the petition and dismissing the action is affirmed.