798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
A.J. SIMPSON, Petitioner-Appellant,
v.
Gene BORGERT, Respondent-Appellee.
 No. 85-1926.
 United States Court of Appeals,
Sixth Circuit.
 July 21, 1986.
 
 Before LIVELY, Chief Judge, MILBURN, Circuit Judge, and PECK, Senior Circuit Judge.
 
 
 1
 Petitioner appeals the district court's order denying his petition for writ of habeas corpus under 28 U.S.C. Sec. 2254. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On March 2, 1979, petitioner was convicted by a jury of first degree murder in the Circuit Court of Washtenaw County, Michigan. The victim of the crime was Washtenaw County Deputy Sheriff Frank Crampton, who was slain while petitioner was being transported from the Washtenaw County Jail to the State Prison of Southern Michigan at Jackson. Deputy Harold Ewald was driving the transport vehicle while Crampton was sitting on the passenger side. Petitioner was sitting directly behind Crampton. Another prisoner, Hank Henry Rutherford, was sitting directly behind Ewald. Both Rutherford and petitioner were in chains.
 
 
 3
 The prosecution's star witness was Rutherford. Rutherford testified that he had fallen asleep in the transport vehicle. He woke up and noticed that petitioner, having worked his way out of some of the chains, was holding a knife on Crampton and was telling Ewald to stop the car or he would kill him. As Ewald was stopping the car, petitioner started stabbing Crampton and struggled with him for his gun. In the struggle, the gun went off and Crampton was shot. By that time Ewald had managed to stop the car. Rutherford then attempted to leave the car. Petitioner, however, shot him in the back. Petitioner then ran away from the car.
 
 
 4
 Petitioner disappeared for the next six years. He was finally identified under the name of Wormwood Scruggs in a London, England, jail. He was extradited to the United States two years later. He stood trial for the murder of Crampton and was sentenced to life imprisonment.
 
 
 5
 Having exhausted state remedies, petitioner presented the following issues in his federal habeas corpus action:
 
 
 6
 1. The lesser offense of manslaughter should have been included as an alternative charge and was not given.
 
 
 7
 2. The crime vehicle and the victim's clothing were essential to petitioner's defense and therefore should have been preserved for evidence.
 
 
 8
 3. The admission into evidence of three of the four bullets was improper due to the prosecution's failure to lay a proper foundation as to their authenticity because of the loss of the photographs of bullets.
 
 
 9
 4. Petitioner was rendered ineffective assistance of counsel due to the breakdown in the attorney-client relationship and because of counsel's failure to investigate the case to petitioner's satisfaction.
 
 
 10
 5. Petitioner was deprived of his Sixth and Fourteenth Amendment right to compulsory process when the witnesses who had seen the prosecution's main witness with a knife which could have been the murder weapon were not produced at trial.
 
 
 11
 6. Petitioner asserts that he was denied due process of law and the equal protection of the laws under the Fourteenth Amendment when he was bound over to the circuit court on an erroneous Magistrate's action.
 
 
 12
 7. Petitioner was denied his Sixth Amendment right of confrontation when the trial court refused to grant a continuance so that defense counsel could prepare for cross examination of the prosecution's main witness.
 
 
 13
 The district court found these issues to be without merit and dismissed the petition. Upon consideration, we affirm.
 
 
 14
 The district court correctly determined that petitioner was not prejudiced by the exclusion of manslaughter as a lesser included offense since in Michigan, manslaughter is killing under provocation and petitioner's defense was that he did not kill anyone.
 
 
 15
 On petitioner's second and third issues, the district court correctly stated that the duty to preserve evidence is limited to that which possesses exculpatory value that is apparent prior to the destruction of the evidence. California v. Trombott 467 U.S. 479, 104 S.Ct. 2528 (1984); Elmore v. Foltz, 768 F.2d 773 (6th Cir. 1985). Neither the crime vehicle, the victim's clothing nor the bullets possessed the requisite exculpatory value that was apparent before they were destroyed in order to constitute a violation of his constitutional rights.
 
 
 16
 Petitioner's fourth issue is that his sixth Amendment right to effective assistance of counsel was violated because the relationship between trial counsel and himself had broken down. In addition, petitioner alleges that counsel failed to investigate in a timely manner petitioner's claim that there existed two potential defense witnesses. However, prior to counsel being able to conduct his investigation, petitioner's note book, which contained the names and prison numbers of the potential witnesses was stolen, thereby rendering it impossible for counsel to pursue the matter.
 
 
 17
 The district court properly found that a defendant does have the right to be afforded a reasonable opportunity to secure counsel of his own choice. Powell v. Alabama, 287 U.S. 45, 53 (1932). It is well established that a trial court may not unreasonably deny the defendant counsel of his own choice. However, the trial court did not abuse its discretion since after investigating petitioner's claim it concluded that his request for new counsel was most likely a delay tactic and thereby did not warrant being honored. Linton v. Perini, 656 F.2d 207, 209 (6th Cir. 1981), cert. denied, 454 U.S. 1162 (1982). There was also evidence that petitioner probably would have difficulty relating to any attorney, since he had previously dismissed two other attorneys in another case. In addition, counsel stated to trial court that he was prepared and willing to try the case and that he believed petitioner's cooperation would be adequate.
 
 
 18
 In the second prong of petitioner's ineffective assistance of counsel issue, he contends that counsel's performance was ineffective because counsel failed to investigate the existence of two potential witnesses prior to the theft of petitioner's note book which contained the names and prison numbers of the persons in question. The district court correctly held that counsel's actions in this matter, in light of the totality of the circumstances, did not meet requirements necessary to render counsel's performance ineffective as established in Strickland v. Washington, 466 U.S. 668, ---, 104 S. Ct. 2052, 2064 (1984).
 
 
 19
 Petitioner's fifth argument is that his right to compulsory process under the Sixth Amendment was violated when the two witnesses who allegedly saw the prosecution's main witness with a knife the day before the escape and murder were not produced at trial. Prior to trial, petitioner had moved for a continuance to permit him to locate the witnesses, who had been prisoners at the Washtenaw county Jail at time of the crime. He hoped to prove through their testimony that the prosecution's witness (as opposed to petitioner) had stabbed the victim. The trial court denied petitioner's motion for continuance on the basis that eight years had elapsed between the time of the crime and petitioner's trial, and petitioner was unable to recall the potential witnesses' names or adequately describe their physical aopearance. In addition, the trial had previously been delayed several times, and the case was about to be submitted to the jury. The district court held that neither the trial court nor the prosecution had unconstitutionally hindered petitioner's attempts to secure these witnesses. See Washington v. Texas, 388 U.S. 14 (1967). We agree with this conclusion.
 
 
 20
 Petitioner's sixth issue, regarding his being bound over to the circuit court on an erroneous Magistrate's return, is without merit since he has failed to show how this matter prejudiced his defense at trial. Watson v. Jago, 558 F.2d 330, 338 (6th Cir.1977). Petitioner's seventh and final issue is that he was denied his Sixth Amendment right to confrontation when the trial court refused to grant a continuance to permit defense counsel to prepare for cross-examination of the prosecution's main witness. The district court correctly found that any possible prejudice was obviated by a six-day adjournment during which defense counsel had time to go over the documents prior to a renewed cross-examination of the witness.
 
 
 21
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Sixth Circuit Rule 9(d)(3). The motion for appointment of counsel is denied.