963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis WOODS, Petitioner-Appellant,
v.
Terry MORRIS, Respondent-Appellee.
 No. 91-4082.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Dennis Woods is an Ohio prisoner who appeals a judgment denying his habeas corpus petition filed under 28 U.S.C. § 2254. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, Woods was convicted of escape, carrying a concealed weapon and having a weapon while under a disability. He raised seven claims in his petition: 1) that he was denied representation by the counsel of his choice; 2) that his conviction was based on hearsay testimony; 3) that the cross-examination of defense witnesses was improper; 4) that he was required to disprove the legal basis of custody regarding his escape; 5) that the jury instructions on escape were inadequate; 6) that the indictment did not adequately describe the charge of carrying a concealed weapon; and 7) that he should not have received an indefinite sentence for having a firearm while under a disability.
 
 
 3
 On October 21, 1991, the district court adopted a magistrate judge's recommendation and denied the petition. Woods has filed a notice of appeal from this judgment as well as a motion for appointment of counsel. The appellee has tendered a letter which indicates that he will not be filing a brief in this appeal.
 
 
 4
 A district judge should not have to speculate about a party's arguments when the party has been given the opportunity to respond to a magistrate's report. The failure to make timely objections to a magistrate's report and recommendation waives a party's right to appellate review. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Woods's objections to the magistrate's report dealt only with his first enumerated claim. Thus, Woods has waived appellate review of the last six claims that were asserted in his petition by failing to make specific objections to the magistrate's findings regarding them. See Howard v. Secretary of Health & Human Services, 932 F.2d 505, 508-09 (6th Cir.1991).
 
 
 5
 Woods did object to the magistrate's finding that the trial court's refusal to allow substitution of counsel did not violate the Sixth Amendment. As noted by the district court, criminal defendants do not have an absolute right to the counsel of their choice. Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir.1985). However, a constitutional violation may occur if the trial court unreasonably denies a defendant the opportunity to retain the counsel he prefers when he is financially able to do so. Id. at 278-79. To justify a substitution of counsel during the course of the trial, the defendant must show "good cause such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict with his attorney." Id. at 280. However, "[e]vidence of unreasonable or arbitrary interference with an accused's right to counsel of his choice ordinarily mandates reversal without a showing of prejudice." Id. at 281.
 
 
 6
 The Ohio Court of Appeals found that there was no "lack of communication between the appellant and his appointed counsel up to the point of trial," and that "counsel told the court the case was prepared up until that point in time." It may be presumed that these findings are correct unless the petitioner shows by convincing evidence that they are erroneous. See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam). However, an evidentiary hearing is required in the present case because the state court's findings with regard to Woods's communication with appointed counsel and counsel's preparedness for trial may not be fairly supported by the record. 28 U.S.C. § 2254(d)(8).
 
 
 7
 Woods asserts that an attorney other than appointed counsel was initially assigned to his case at arraignment, and that his trial counsel was appointed by a nunc pro tunc order several weeks after his trial. He also asserts that appointed counsel was not provided with a witness list until the day of trial and that counsel was not able to contact or subpoena defense witnesses because of the trial court's refusal to grant a substitution and continuance. Finally, he asserts that appointed counsel requested permission to withdraw from the case repeatedly during the trial. These assertions have not been disputed by the appellee either in district court or on appeal. Thus, a remand is necessary because the undisputed assertions in Woods's brief bear directly and significantly on the reasonableness of the trial court's denial of his request to substitute retained counsel for his appointed lawyer, even though that request was made on the eve of trial. See Wilson, 761 F.2d at 287; Linton v. Perini, 656 F.2d 207, 212 (6th Cir.1981), cert. denied, 454 U.S. 1162 (1982).
 
 
 8
 Accordingly, the motion for appointment of counsel is granted, the judgment is vacated, and the case is remanded to the district court for a hearing on Woods's Sixth Amendment claim. Rule 9(b)(3), Rules of the Sixth Circuit.