# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 124

OCTOBER TERM, A.D. 2013

October 9, 2013

ROBERT STEVEN HANKINS,

Appellant
(Defendant),

v.

No. S-12-0160

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Jeffrey A. Donnell, Judge*

*Representing Appellant:*

*Anthony C. Gold, Law Office of Anthony C. Gold, Laramie, Wyoming.*

*Representing Appellee:*

*Peter K. Michael, Interim Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey S. Pope, Assistant Attorney General; Brian J. Fuller, Student Intern.*

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Justice.**

[¶1]    Mr. Hankins appeals his convictions on charges of burglary and attempted sexual assault.  He claims that the district court infringed on his constitutional right to be represented by counsel of his choice.  We will affirm.

### *ISSUE*

[¶2]    The issue in this appeal is whether Mr. Hankins was denied a fair opportunity to secure counsel of his own choice.

### *FACTS*

[¶3]    In February, 2011, Mr. Hankins was charged with burglary and attempted sexual assault.  He engaged an attorney to defend him.  Trial was scheduled to begin on September 7, 2011.  In July, 2011, Mr. Hankins' counsel was severely injured in a motorcycle accident, and was unable to continue representing Mr. Hankins.  At the request of the State, the district court convened a status conference on August 2, 2011, to assess the situation.

[¶4]    Because this status conference is at the heart of this case, we set forth in full the discussion between the district court and Mr. Hankins:

> THE COURT:  All right.  So, Mr. Hankins, here's where things stand right now.  We have trial set on September the 7th, just over a month from today.  We have pretrial motions pending that need to be resolved within the next two weeks, at least; sooner, if possible.  And I know you've known about this situation, at least for a while.
>
> You have three options at this point.  You can either submit an affidavit to the Court – a financial affidavit and request assignment of a public defender, which assuming you qualify, I will be happy to do.
>
> You can go find another attorney for yourself, if that's what you would prefer to do.
>
> Or I guess [you could] be representing yourself.
>
> But we have a trial scheduled, and that trial is going ahead as scheduled, as far as I'm concerned right now.  So what's it going to be?

1

THE DEFENDANT: Your Honor, I've only known of [my attorney's] disposition for about two weeks now. I have been in touch with [another attorney], and he's informed me of [my attorney's] situation and the probability that he would not be able to have the capacity to represent me.

I have been in search for better than a week for alternative counsel, and that's the route I wish to take at this moment.

THE COURT: Here's the problem we have. Every day that goes by makes it that much harder to hire a private attorney. As we get closer to trial, that difficulty increases geometrically. You are probably to the point right now where it is going to be very, very difficult to find somebody on a month's notice to try a case like this. You're welcome to try if you'd like, but I'm telling you now, the odds are not good, and we are going to trial on this. I am not going to move this.

So if you want to continue to do that, that's fine, but were I you, I would suggest very, very strongly that you complete a financial affidavit and that you let me see if you qualify for appointment of a public defender. If you find somebody after that, great. The public defender's office can step out. But I am not going to put this date off because you can't find a lawyer. And I can see that coming right now.

THE DEFENDANT: Yes, sir.

THE COURT: So I would strongly suggest that you do that. Quite frankly, the public defender's people here have more trial experience in court than anybody you are likely to find anyway. That's what they do. So it's not like you're getting some lesser degree of representation by any means. [One lawyer] in the public defender's office had two acquittals in jury trials last week. So these people know what they're about.

But it is going to be very difficult. I mean, I have been in this business for a long time, and I'm telling you . . . trying to find a good trial attorney on one month's notice is almost impossible. So I'm not ordering you to but I am strongly

suggesting, very strongly suggesting that you make the application for appointment of a public defender, because otherwise, we are going to come right up to this trial date, and you are going to be standing there without a lawyer, and we are going to be ready to go to trial. You do not want to be in that situation.

THE DEFENDANT: Yes, sir.

THE COURT: So it's your choice. As I say, it's your call, but what do you want to do?

THE DEFENDANT: I have run into difficulty of trying to find a short-term counsel. I was quite optimistic that I would receive some notice from counsel that I had been in touch with today, and pending their decision on whether they were willing to accept the case, I suppose it would be influential to my decision hereafter.

THE COURT: So you want the rest of the day to decide?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Here's the deal, then: By noon tomorrow, I want notification in writing, either an entry of appearance by your new lawyer or an application and affidavit from you for appointment of a public defender, one or the other. Because I am not going to allow you to dither on this choice until it's too late. And you're just about there now.

THE DEFENDANT: Yes, sir.

THE COURT: So you can pick up an affidavit on the way out. You can pick it up in my office. Fill it out before you leave. Leave it with my office. I won't act on it until – until I hear something, but I'll have it here and I can take action as appropriate. You let me know one way or the other by noon tomorrow.

THE DEFENDANT: Yes, sir.

THE COURT:  Call my office.

THE DEFENDANT:  Yes, sir.

THE COURT:  All right?

THE DEFENDANT:  Yes, sir.

[¶5]    On the following day, in compliance with the district court's instructions, a new attorney delivered his entry of appearance to the court.  At the same time, the substitute counsel also filed a motion to continue the trial and reschedule pretrial deadlines.  The district court granted that motion and rescheduled Mr. Hankins' trial to begin on November 1, 2011.

[¶6]    Trial was held as rescheduled.  Mr. Hankins was convicted on both counts.  On appeal, he contends that his constitutional right to counsel was violated because the district court allowed him only one day to make his choice of a new attorney.

## DISCUSSION

[¶7]    Mr. Hankins invokes his constitutional right to be represented by counsel in a criminal trial.

> The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  We have previously held that an element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him.  *See Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). *Cf. Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932) ("It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice").

*United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S.Ct. 2557, 2561, 165 L.Ed.2d 409 (2006).  Whether Mr. Hankins' constitutional right to counsel of his choice was violated is a question of law that we review *de novo*.  *Schaeffer v. State*, 2012 WY 9, ¶ 12, 268 P.3d 1045, 1053 (Wyo. 2012).

[¶8]    Mr. Hankins contends that the district court interfered with his right to be represented by his chosen counsel when it gave him one day to decide between a public defender or private counsel.  He asserts that, if a trial court maintains a litigation schedule

4

that unreasonably prevents chosen counsel from participating, it violates a defendant's right to be represented by counsel of his choice. He cites, as one example, a case in which a trial court insisted that a trial be held ten days following the arraignment, and refused defense counsel's request for a three-week delay. *Linton v. Perini*, 656 F.2d 207, 208 (6th Cir. 1981) (*superseded on other grounds by statute,* Antiterrorism and Effective Death Penalty Act of 1996, *as recognized in Burton v. Renico*, 391 F.3d 764, 773 n.2 (6th Cir. 2004)). The appeals court found that the defendant "was denied the right to employ counsel of his own choosing without a sufficient reason." *Linton*, 656 F.2d at 208. It explained that "a trial court, acting in the name of calendar control, cannot arbitrarily and unreasonably interfere with a client's right to be represented by the attorney he has selected." *Id.*, 656 F.2d at 209. Mr. Hankins contends that his right to counsel of his choice was similarly denied.

[¶9] Mr. Hankins' contention is deficient in at least two respects. First, he has not demonstrated that the district court's imposition of a one-day deadline for choosing counsel was unfair. Although the district court gave Mr. Hankins a short time to make his choice, the reasonableness of that time period must be considered in context. Mr. Hankins told the district court he had known for about two weeks that his original attorney was unavailable. He indicated that he had been in contact with other counsel, and was "quite optimistic" about hearing from new counsel that day. In response to this statement, the district court asked, "So you want the rest of the day to decide?" Mr. Hankins replied, "Yes, sir." Mr. Hankins did not request additional time to select counsel and his new counsel entered his appearance the next day, as the district court had ordered.

[¶10] Second, Mr. Hankins has failed to show, or even to argue, that the district court prevented him from being represented by his counsel of choice. It is true that he could not be represented by his first counsel, but that was because his first counsel was injured, not because of any decision or action by the district court. There is nothing in the record to suggest that the replacement counsel who represented Mr. Hankins at trial was not his counsel of choice.

[¶11] We conclude that the district court did not deprive Mr. Hankins of a fair opportunity to secure counsel of his own choice. Affirmed.