UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas CLEVENGER,
Defendant-Appellant.

No. 83–5156.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 1984.

Decided May 30, 1984.

As Amended Aug. 3, 1984.

Robert C. Bonner, Robert L. Brosio, Henry H. Rossbacher, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Jay Lichtman, Los Angeles, Cal., for defendant-appellant.

Before GOODWIN, SNEED and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Thomas Clevenger appeals his conviction of one count of conspiracy. (18 U.S.C. § 371), eight counts of mail fraud (18 U.S.C. § 1341), nine counts of wire fraud (18 U.S.C. § 1343), and one count of interstate transportation of funds acquired by fraud (18 U.S.C. § 2314). He contends that the trial court erred in denying his Rule 29 motion for a judgment of acquittal on the ground that criminal intent was not proven. He also argues that the court abused its discretion in denying his motion for a continuance on the date of trial.

We address each of his contentions and the facts pertinent thereto under separate headings.

ONE.

Clevenger contends that the government failed to produce sufficient evidence to permit a rational trier of fact to conclude that

he acted with criminal intent. He argues that no criminal intent was shown because Hartley, an employee of Safeco involved in the scheme, testified on cross-examination that at no time did he, Roberts and Clevenger conspire to commit any criminal acts, but rather that they were merely trying to circumvent Safeco's conflict-of-interest policy.

■ In determining the sufficiency of the evidence, the appropriate standard of review is whether "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Saavedra*, 684 F.2d 1293, 1300 (9th Cir. 1982).

Clevenger was charged with conspiracy, mail fraud, and wire fraud. Under 18 U.S.C. § 371, the essential elements of conspiracy are: (1) a scheme to defraud, and (2) by two or more persons. Under 18 U.S.C. § 1341, and 18 U.S.C. § 1343, the essential elements of mail and wire fraud are: (1) a scheme to defraud, and (2) a knowing use of the mail and wire to execute the scheme.

The evidence shows that Van Charles Hartley, a loan officer with Safeco, was an owner, along with Clevenger and Roberts, of Target Industries. In September, 1981, Roberts and Clevenger asked Hartley to present their loan application for $300,000 to Safeco. Upon attempting to attain approval from his superiors, Hartley was told that Safeco could not provide any financing for Target because his status as a stockholder of the applicant constituted a conflict of interest.

Notwithstanding this directive, between November, 1981, and June, 1982, Hartley accepted and approved loan applications from Clevenger and Roberts totalling over $300,000. The loan applications contained false information concerning the name of the applicant, the purpose of the loan, and the adequacy of the collateral. Roberts and Clevenger forged all of the borrowers' and sellers' signatures in furtherance of their scheme to defraud Safeco. Hartley was aware at all times that the money obtained through these falsified applications was for Target Industries. False information was sent by Hartley through mail and by wire to Safeco's Seattle office. As a result of the sham transactions, Safeco lost $330,000.

■ To establish fraud, the government must prove that the defendant possessed the requisite intent to defraud. *United States v. Beecroft*, 608 F.2d 753, 757 (9th Cir.1979). The elements of fraud consist of: (1) a false representation (2) in reference to a material fact (3) made with knowledge of its falsity (4) and with intent to deceive (5) with action taken in reliance upon the representation. *Hart v. McLucas*, 535 F.2d 516, 519 (9th Cir.1976).[1] Intent need not be proven by direct evidence, "but may be inferred from their own statements and conduct (citation omitted) and from their knowledge that the scheme operated in a deceitful manner." *United States v. Zemek*, 634 F.2d 1159, 1180 (9th Cir.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1359, 67 L.Ed.2d 341 (1981). Such intent can be established by proof "that the defendant was a knowing participant in a fraudulent scheme that utilized the mails (or wire)." *United States v. Diggs*, 649 F.2d 731, 736 (9th Cir.), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981). To prove a conspiracy, the evidence must show that each of the appellants was involved. *United States v. Beecroft*, 608 F.2d 757. The agreement may be inferred from the appellants' acts pursuant to the fraudulent scheme or other circumstantial evidence. *Id.*

■■ Clevenger further argues that the government failed to show criminal intent because Hartley testified that he, Roberts and Clevenger did not think they were breaking the law, but rather tried only to

1. To establish mail fraud under 18 U.S.C.A. § 1341, however, a misrepresentation may be material without inducing any actual reliance.

*United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981) (Halbert I).

circumvent Safeco's conflict-of-interest policy. The trier of fact has a wide latitude in which to decide which witnesses to believe or disbelieve. *Hiram v. United States*, 354 F.2d 4, 7 (9th Cir.1965). The jury was free to accept or reject Hartley's testimony in whole or in part.

■ The evidence, when viewed in a light most favorable to the prosecution, was clearly sufficient to permit a rational juror to conclude beyond a reasonable doubt that Clevenger, with intent to obtain money illegally, conspired with others to file false loan applications containing material misrepresentations and to use the mails and wire to obtain money from Safeco through fraudulent means.

TWO.

Clevenger argues that the trial court abused its discretion in denying his motion for a continuance.

Clevenger's trial attorney was appointed to substitute for previous counsel on March 28, 1983. The trial, which had been set for April 4, 1983, prior to the substitution of counsel, was continued to May 9, 1983. After a probation violation hearing on another matter, Clevenger's probation was revoked and on April 13, 1983, he was transferred to Lompoc. He had been ordered to be detained at Terminal Island pending trial on the instant case. No notice was given to defense counsel of this transfer. Defense counsel discovered that Clevenger erroneously was being kept in Lompoc, in solitary confinement, when he received a letter from his client on April 20, 1983, stating that he had been moved. The government assisted defense counsel in obtaining a writ of habeas corpus on May 3, 1983, to return Clevenger to Los Angeles. Clevenger arrived the weekend before trial. On May 9, 1983, the day of trial, Clevenger's attorney made a motion for a continuance on the dual grounds that his client had been denied access to his attorney and that Clevenger had health problems attributable to solitary confinement.

The court ordered a medical examination which failed to reveal any medical problems requiring a continuance. Although the court denied Clevenger's motion for a continuance, it allowed counsel additional time to confer with his client on the evening of the first day of trial and on the morning of the second day.

■ The decision to grant or deny a continuance lies within the sound discretion of the trial judge and will only be overturned upon a showing of clear abuse. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964); *United States v. Ortiz*, 603 F.2d 76, 78 (9th Cir.1979), *cert. denied*, 444 U.S. 1020, 100 S.Ct. 678, 62 L.Ed.2d 652 (1980).

■ While it was error for the government to place Clevenger in a facility which denied him reasonable access to his attorney while awaiting trial, no showing has been made that this transfer was prejudicial nor is it contended that defense counsel had inadequate time to prepare for trial.

Clevenger appears to argue that, in cases involving government-caused interference with effective assistance of counsel, prejudice need not be shown. Clevenger refers this court to *Linton v. Perini*, 656 F.2d 207, 212 (6th Cir.1981), *cert. denied*, 454 U.S. 1162, 102 S.Ct. 1036, 71 L.Ed.2d 318 (1982) in support of his contention that the denial of a request for a continuance is reversible error, where there is no showing of inconvenience and the length of the requested delay is reasonable.

Although some decisions involving government-caused interference have read Supreme Court precedent to preclude a prejudice requirement, the Supreme Court has not gone so far as to establish that prejudice need not be considered in determining whether a defendant has in fact been denied effective assistance. Green, *A Coherent Approach to Ineffective Assistance of Counsel Claims*, 71 Cal.L.Rev. 1516, 1526 (1983). The Court has *presumed* prejudice in certain situations. *See e.g. Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) [court denial of right to consultation during an overnight recess during trial violated right

to assistance of counsel]; *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) [automatic reversal where defendant was totally denied assistance of counsel at criminal trial]. However, as the court clearly stated in *United States v. Morrison,* 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981), a defendant must show "that the constitutional infringement identified has had or threatens some adverse effect upon the effectiveness of counsel's representation or has produced some other prejudice to the defense," *id* at 365, 101 S.Ct. at 668, even in cases involving government interference.

Furthermore, *Linton* is readily distinguishable from the facts before this court. In *Linton,* the defendant was arraigned on May 8, 1978, on five felony counts (one of kidnapping and four of rape). Trial was set *10 days later* on May 18, 1978. Defendant's retained counsel asked for a later date stating he could not prepare for trial in 10 days. When the trial judge refused to reschedule the trial date, retained counsel withdrew. The court then appointed counsel when the defendant indicated he could not hire an attorney. Appointed counsel immediately moved for a continuance indicating he could not prepare for trial in 10 days. On May 18, 1978, appointed counsel again requested a continuance so that retained counsel could resume his representation. This request was denied. Defendant Linton received swift justice and 7 to 25 years in prison. The Court of Appeals held that on these facts the trial court denied the defendant the right to counsel of his choice and forced appointed counsel to trial without adequate time to prepare a defense. *Linton* thus involves two errors, neither of which is present in this case: The defendant was denied the right to counsel of his own choosing, and counsel was forced to go to trial unprepared.

The following colloquy demonstrates that the extra time allowed by the court for counsel to confer with his client was adequate to allow counsel to complete his trial preparation.

THE COURT: I want Mr. Clevenger available after trial to Mr. Lichtman. How much time do you want to see him?
MR. LICHTMAN: Hour and a half.
THE COURT: Is that sufficient time?
MR. LICHTMAN: I have seen him part of today already. I think an hour and a half should be sufficient ...

Based on the record before this court, the trial court did not abuse its discretion by denying a continuance. Granting counsel extra time for consultation appears to have cured the impact of the government's error in transferring the defendant prior to trial. *See United States v. Morrison,* 449 U.S. 361, 364–65, 101 S.Ct. 665, 668–69, 66 L.Ed.2d 564 (1981) [cases involving Sixth Amendment deprivations are subject to general rule that courts should identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure defendant the effective assistance of counsel and a fair trial.]

The judgment is AFFIRMED.