995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alex C. UWAJE, Defendant-Appellant.
 No. 92-5738.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1993.
 
 1
 Before RALPH B. GUY, JR. and BOGGS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Alex C. Uwaje, a federal prisoner currently in state custody, appeals the district court's judgment of conviction of one count of being in the United States without the Attorney General's permission following deportation in violation of 8 U.S.C. § 1326. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this appeal.
 
 
 3
 Uwaje was indicted on October 17, 1990, on the charge described above. Following a bench trial, the district court found him guilty. Uwaje was sentenced on May 8, 1992, to ten months imprisonment, with the term to run consecutively to the sentence Uwaje is currently serving for the state of Tennessee. According to the record, Uwaje was returned to state custody and has yet to begin serving his federal term.
 
 
 4
 On appeal, Uwaje argues that the prosecution's proof failed to establish beyond a reasonable doubt that he is guilty of the offense of conviction.
 
 
 5
 Upon careful review, we affirm the district court's judgment because, when the evidence is considered in the light most favorable to the government, a reasonable jury could find Uwaje guilty beyond a reasonable doubt. See United States v. Powell, 469 U.S. 57, 67 (1984); United States v. Wood, 780 F.2d 555, 557 (6th Cir.) (per curiam), cert. denied, 475 U.S. 1111 (1986). On appeal, justifiable inferences from the evidence must be considered in the light most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial evidence may support a conviction; see United States v. Eisner, 533 F.2d 987, 989 (6th Cir.), cert. denied, 429 U.S. 919 (1976); and such evidence need not remove every reasonable hypothesis except that of guilt. See United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986).
 
 
 6
 Our review of the transcript establishes that the government presented sufficient evidence to prove the charged offense. Uwaje does not dispute the following facts: that he is a Nigerian citizen who overstayed his visa; that an immigration judge granted him voluntary departure on or before May 31, 1983; that upon his failure to depart voluntarily he was subject to deportation; that he was taken into custody and transported by officers of the Immigration and Naturalization Service (INS) to John F. Kennedy International Airport in New York City on June 23, 1983, for placement upon a plane bound for Nigeria; and that he was subsequently found in the United States without obtaining permission from the Attorney General for reentry. The basis for Uwaje's defense and present appeal is his claim that he was never actually deported, as required for conviction under the statute, but was simply allowed to walk away from the airport.
 
 
 7
 From the evidence presented, the district court, as the trier of fact in this bench trial, could reasonably find that the government had proved all of the elements of the offense. Specifically, it could reasonably infer that Uwaje had, in fact, been physically deported to Nigeria in June 1983, had renewed his passport in Nigeria in October 1983, and had reentered the United States at some time before July 7, 1984 (when he applied to Fisk University) without obtaining the required permission from the Attorney General.
 
 
 8
 Uwaje appears to be principally dissatisfied with the court's crediting of the government's witnesses over Uwaje. However, it is well-settled that the trier of fact has wide latitude to determine what credit should be given witnesses. See United States v. Clevenger, 733 F.2d 1356, 1369 (9th Cir.1984); United States v. Creek, 403 F.2d 220, 220-21 (6th Cir.1968) (per curiam). Here, the district court specifically found that Uwaje's testimony was unbelievable. The appellate court is simply not in the position to remake credibility determinations.
 
 
 9
 Accordingly, the district court's judgment, entered May 13, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation