38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Richard BROCK, Defendant-Appellant.
 No. 93-10508.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1994.*
Decided Oct. 11, 1994.
 
 1
 Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Steven Richard Brock appeals his jury conviction and sentence for bank fraud and conspiracy to commit bank fraud in violation of 18 U.S.C. Secs. 371, 1344. Brock argues that the district court lacked jurisdiction because the grand jury indictment was not returned in open court, the evidence at trial was insufficient to support the jury's verdict finding a single conspiracy instead of multiple conspiracies, and the district court misapplied the Sentencing Guidelines. Brock also contends the district court erred in denying him a sentence reduction for acceptance of responsibility.
 
 
 4
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 
 5
 * Brock argues that the district court lacked jurisdiction because the grand jury indictment was not returned in open court. His objections to the indictment raise questions of law, which we review de novo. United States v. Montilla, 870 F.2d 549, 551 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990).
 
 
 6
 The foreperson of the grand jury returned the indictment to a magistrate judge when the court was in "closed session." Federal Rule of Criminal Procedure 6(f) states that "[t]he indictment shall be returned by the grand jury to a federal magistrate judge in open court." Brock argues that the district court lacked jurisdiction because the failure to return the indictment in open court violated Rule 6(f), Eastern District Local Rule 302(b)(5), and the grand jury provision of the Fifth Amendment to the United States Constitution. However, Brock has waived his right to appellate review of any defects in the grand jury proceeding, since he failed to object in the district court to the manner in which the indictment was returned or to move for dismissal of the indictment.
 
 
 7
 Pursuant to Fed.R.Crim.P. 12(b)(2) and 12(f), defendants waive all but jurisdictional claims of error unless they raise their claims before trial or entry of a guilty plea. United States v. Smith, 866 F.2d 1092, 1098 (9th Cir.1989).[1] We have defined jurisdictional claims as constitutional claims "that challenge the right of the state to hale the defendant into court." Montilla, 870 F.2d at 552. In United States v. Lennick, 18 F.3d 814, 817-18 (9th Cir.1994), we held that noncompliance with Rule 6(f) did not necessarily deprive the district court of jurisdiction, but was subject to harmless error analysis. As in Lennick, the defendant does not challenge the indictment itself, but rather the manner in which it was returned. He does not argue that the grand jury was improperly influenced or that the indictment is otherwise unsound. Since defendant's claim is not jurisdictional, we conclude that he waived his claim of error in the return of the indictment.
 
 II
 
 8
 Brock argues there was insufficient evidence to prove he participated in the single conspiracy charged by the government. He contends that because there were multiple transactions at times involving different co-conspirators, there were in fact multiple conspiracies, some of which did not involve him; and, consequently, he was prejudiced by the spillover effect of the evidence offered to prove these conspiracies. He argues that the jury could not differentiate the evidence pertaining to the different conspiracies and wrongfully convicted him.
 
 
 9
 In reviewing the sufficiency of the evidence, we consider whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Feldman, 853 F.2d 648, 654 (9th Cir.1988), cert. denied, 489 U.S. 1030 (1989). All evidentiary conflicts must be resolved in favor of the verdict. United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989).
 
 
 10
 In this case, to establish the existence of a single conspiracy, the government had to prove that an overall agreement existed among the conspirators. United States v. Bibbero, 749 F.2d 581, 587 (9th Cir.1984), cert. denied, 471 U.S. 1103 (1985). A formal agreement is not necessary; rather, the agreement may be inferred from the defendants' actions pursuant to the scheme or other circumstantial evidence. United States v. Clevenger, 733 F.2d 1356, 1358 (9th Cir.1984). A single conspiracy may involve separate subagreements or subgroups of conspirators. United States v. Tille, 729 F.2d 615, 621 (9th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 11
 The government cites substantial evidence in the trial record to support the jury's verdict of a single conspiracy, while Brock cites no specific evidence. The government's evidence shows that each transaction involved a common scheme, and the common victim was always United Valley Bank, where Lubben was president of the mortgage lending division. The identities and roles of the key participants were consistent during the course of the conspiracy.
 
 
 12
 The quality, frequency, and duration of each conspirator's participation were essentially constant from the beginning to the end of the conspiracy. Finally, the evidence showed that all the conspirators shared the common goal of fraudulently obtaining money from the victim Bank. Additionally, because Brock played an aggravating role in the conspiracy, the evidence of his significant involvement was extensive. Accordingly, the trial evidence was sufficient to support the verdict that each element of a single conspiracy charged in the superseding indictment was proved beyond a reasonable doubt.
 
 III
 
 13
 Brock argues that the offense level for his sentence under U.S.S.G. Sec. 2F1.1 (1988 version) should be determined by the actual loss suffered by the victim, rather than the loss intended by Brock and his co-defendants. We review the district court's application of the Guidelines de novo but its factual findings are reviewed for clear error. United States v. Bos, 917 F.2d 1178, 1180 (9th Cir.1990).
 
 
 14
 The district court found that Brock never intended to repay the victim Bank for the fraudulent loans which had been obtained, and then determined that the intended loss was between $1 and $2 million, based on the difference between the (falsely inflated) loan amounts and the value of the collateral.[2] We have previously endorsed this application of the Guidelines in United States v. Galliano, 977 F.2d 1350 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993). This conclusion is unaffected by United States v. Shaw, 3 F.3d 311 (9th Cir.1993), because the district court there failed to make the requisite findings of intended and actual loss.
 
 IV
 
 15
 Brock challenges the restitution order that he pay the victim Bank $375,000 "forthwith." We review for an abuse of discretion a district court's order of restitution which is within the statutory framework of the Victim and Witness Protection Act, 18 U.S.C. Sec. 3663. United States v. Sanga, 967 F.2d 1332, 1336 (9th Cir.1992). An order of restitution must be based on some evidence the defendant may be able to pay the amount ordered, but a court is not prohibited from imposing restitution on a defendant who is presently indigent. United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993).
 
 
 16
 The district court adopted the recommendations of the pre-sentence report in ordering restitution. In light of the substantial amount of money fraudulently obtained from the victim Bank and not accounted for or returned, the district court properly ordered restitution at sentencing as due "forthwith." Accordingly, if any assets are found, they may be applied to restitution to the victim Bank. Additionally, Brock's job history and future earnings potential support the district court's restitution order. Also, the restitution order provides that payments will be set at the appropriate level by the probation officer under the terms of supervised release.
 
 V
 
 17
 Brock contends that the district court erred by denying him a two-level reduction of his sentence for his purported acceptance of responsibility. We review for clear error a district court's determination that a defendant is not entitled to a reduction in his offense level for acceptance of responsibility. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 18
 The district court determined that Brock had not manifested sincere contrition. Although Brock, in a letter he wrote to the probation officer preparing his pre-sentence report, stated that his actions were wrong and he accepted responsibility for them, his claimed reimbursement of $275,000 to victim Bank could not be confirmed by its executive vice-president. Moreover, Brock's statements to the authorities about his involvement in the fraudulent scheme were equivocal rather than fully truthful. Accordingly, the district court correctly applied U.S.S.G. Sec. 3E1.1 (1987 version) in denying Brock a two-level reduction.
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 R. 12(b)(2) provides that "defenses and objections based on defects in the indictment or information" may only be raised prior to trial. Rule 12(f) provides that "[f]ailure by a party to raise defenses or objections ... which must be made prior to trial ... shall constitute a waiver thereof."
 
 
 [2]
 The value of the collateral was based on the testimony of an appraiser during the trial