38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donna Kaye LUBBEN, Defendant-Appellant.
 No. 93-10498.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1994.*
Decided Oct. 11, 1994.
 
 1
 Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Donna Kaye Lubben appeals her jury conviction and sentence for bank fraud and conspiracy to commit bank fraud in violation of 18 U.S.C. Secs. 371, 1344. Lubben argues that the district court lacked jurisdiction because the grand jury indictment was not returned in open court, the evidence at trial was insufficient to support the jury's verdict finding a single conspiracy instead of multiple conspiracies, and the district court misapplied the Sentencing Guidelines. Finally, Lubben appeals the district court's denial of her motion for a new trial.
 
 
 4
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 
 5
 * Lubben argues that the district court lacked jurisdiction because the grand jury indictment was not returned in open court. Her objections to the indictment raise questions of law, which we review de novo. United States v. Montilla, 870 F.2d 549, 551 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990).
 
 
 6
 The foreperson of the grand jury returned the indictment to a magistrate judge when the court was in "closed session." Federal Rule of Criminal Procedure 6(f) states that "[t]he indictment shall be returned by the grand jury to a federal magistrate judge in open court." Lubben argues that the district court lacked jurisdiction because the failure to return the indictment in open court violated Rule 6(f), Eastern District Local Rule 302(b)(5), and the grand jury provision of the Fifth Amendment to the United States Constitution. However, Lubben has waived her right to appellate review of any defects in the grand jury proceeding, since she failed to object in the district court to the manner in which the indictment was returned or to move for dismissal of the indictment.
 
 
 7
 Pursuant to Fed.R.Crim.P. 12(b)(2) and 12(f), defendants waive all but jurisdictional claims of error unless they raise their claims before trial or entry of a guilty plea. United States v. Smith, 866 F.2d 1092, 1098 (9th Cir.1989).[1] We have defined jurisdictional claims as constitutional claims "that challenge the right of the state to hale the defendant into court." Montilla, 870 F.2d at 552. In United States v. Lennick, 18 F.3d 814, 817-18 (9th Cir.1994), we held that noncompliance with Rule 6(f) did not necessarily deprive the district court of jurisdiction, but was subject to harmless error analysis. As in Lennick, the defendant does not challenge the indictment itself, but rather the manner in which it was returned. She does not argue that the grand jury was improperly influenced or that the indictment is otherwise unsound. Since defendant's claim is not jurisdictional, we conclude that she waived her claim of error in the return of the indictment.
 
 II
 
 8
 Lubben argues there was insufficient evidence to prove she participated in the single conspiracy charged by the government. She contends that because there were multiple transactions at times involving different co-conspirators, there were in fact multiple conspiracies, some of which did not involve her; and, consequently, she was prejudiced by the spillover effect of the evidence offered to prove these conspiracies. She argues that the jury could not differentiate the evidence pertaining to the different conspiracies and wrongfully convicted her.
 
 
 9
 In reviewing the sufficiency of the evidence, we consider whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Feldman, 853 F.2d 648, 654 (9th Cir.1988), cert. denied, 489 U.S. 1030 (1989). All evidentiary conflicts must be resolved in favor of the verdict. United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989).
 
 
 10
 In this case, to establish the existence of a single conspiracy, the government had to prove that an overall agreement existed among the conspirators. United States v. Bibbero, 749 F.2d 581, 587 (9th Cir.1984), cert. denied, 471 U.S. 1103 (1985). A formal agreement is not necessary; rather, the agreement may be inferred from the defendants' actions pursuant to the scheme or other circumstantial evidence. United States v. Clevenger, 733 F.2d 1356, 1358 (9th Cir.1984). A single conspiracy may involve separate subagreements or subgroups of conspirators. United States v. Tille, 729 F.2d 615, 621 (9th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 11
 The government cites substantial evidence in the trial record to support the jury's verdict of a single conspiracy. By contrast, Lubben cites no specific evidence and generally reargues her defense that she was not a participant in the conspiracy. The government's evidence, however, shows that each transaction involved a common scheme, and the common victim was United Valley Bank, where Lubben was president of the mortgage lending division. The identities and roles of the key participants were consistent during the course of the conspiracy.
 
 
 12
 The quality, frequency, and duration of each conspirator's participation were essentially constant from the beginning to the end of the conspiracy. Finally, the evidence showed that all the conspirators shared the common goal of fraudulently obtaining money from the victim Bank. Accordingly, the trial evidence was sufficient to support the verdict that each element of a single conspiracy charged in the superseding indictment was proved beyond a reasonable doubt.
 
 III
 
 13
 Lubben argues that the offense level for her sentence under U.S.S.G. Sec. 2F1.1 (1988 version) should be determined by the actual loss suffered by the victim, rather than the loss intended by Lubben and her co-defendants. We review the district court's application of the Guidelines de novo, but its factual findings are reviewed for clear error. United States v. Bos, 917 F.2d 1178, 1180 (9th Cir.1990).
 
 
 14
 The district court found that Lubben never intended to repay the victim Bank for the fraudulent loans which had been obtained, and then determined that the intended loss was between $1 and $2 million, based on the difference between the (falsely inflated) loan amounts and the value of the collateral.[2] We have previously endorsed this application of the Guidelines in United States v. Galliano, 977 F.2d 1350 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993). This conclusion is unaffected by United States v. Shaw, 3 F.3d 311 (9th Cir.1993), because the district court there failed to make the requisite findings of intended and actual loss.
 
 IV
 
 15
 Lubben challenges the restitution order that she pay the victim Bank $375,000 "forthwith." We review for an abuse of discretion a district court's order of restitution which is within the statutory framework of the Victim and Witness Protection Act, 18 U.S.C. Sec. 3663. United States v. Sanga, 967 F.2d 1332, 1336 (9th Cir.1992). An order of restitution must be based on some evidence the defendant may be able to pay the amount ordered, but a court is not prohibited from imposing restitution on a defendant who is presently indigent. United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993).
 
 
 16
 The district court adopted the recommendations of the pre-sentence report in ordering restitution. In light of the substantial amount of money fraudulently obtained from the victim Bank and not accounted for or returned, the district court properly ordered restitution at sentencing as due "forthwith." Accordingly, if any assets are found, they may be applied to restitution to the victim Bank. Additionally, Lubben's job history and future earnings potential support the district court's restitution order. Also, the restitution order provides that payments will be set at the appropriate level by the probation officer under the terms of supervised release.
 
 V
 
 17
 Lubben contends that the district court erred in denying her motion for a new trial. The denial of a motion for a new trial is reviewed for abuse of discretion. United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991). Such a motion will be granted on review only in exceptional circumstances where the evidence weighs heavily against the verdict. United States v. Hseih Hui Mei Chen, 754 F.2d 817, 821 (9th Cir.), cert. denied, 471 U.S. 1139 (1985).
 
 
 18
 Lubben bases her motion, filed more than seven days after the verdict, on the discovery of new evidence of her psychological condition. The district court conducted a lengthy evidentiary hearing and then denied Lubben's motion for a new trial primarily because the evidence so overwhelmingly established her guilt that the evidence of her psychological condition, involving vulnerability to the dominance of powerful men, could not have changed the verdict. Additionally, Lubben's motion was denied because this psychological condition was diagnosed and known by Lubben nearly two years prior to the trial. Lubben argues that she did not understand the legal significance of her condition, and her lawyer did not know about the condition until after the jury returned its guilty verdict. However, a "newly discovered evidence" claim is defeated even if it is not known to counsel. Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1124 n. 5 (7th Cir.1991), cert. denied, 112 S.Ct. 1973 (1992). Accordingly, because Lubben knew about her condition before trial, such condition was not "newly discovered evidence" and the district court correctly denied the motion.
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 R. 12(b)(2) provides that "[d]efenses and objections based on defects in the indictment or information" may only be raised prior to trial. R. 12(f) provides that "[f]ailure by a party to raise defenses or objections ... which must be made prior to trial ... shall constitute a waiver thereof."
 
 
 [2]
 The value of the collateral was based on the testimony of an appraiser during the trial