**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10362 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00198-JAM-1 |
| v. | |
| GABRIEL DEAN WATTERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 17, 2013
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

Watters appeals from his conviction for false statement and obstruction of

justice under 18 U.S.C. §§ 1001 and 1512(c). In a separately filed published

disposition, we considered his argument that the district court gave an erroneous

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

instruction to the jury. Here we deal with the remainder of his claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The government's use of Starr as an informant did not violate Watters's Sixth Amendment rights. Watters was not convicted on the original charges, and he therefore was not prejudiced regardless of whether Starr's conduct implicated the Sixth Amendment. *See United States v. Danielson*, 325 F.3d 1054, 1069 (9th Cir. 2003). The information Starr gathered did not implicate the Sixth Amendment with respect to the obstruction and false statement charges because the government had not initiated adversarial proceedings against Watters for those crimes. *See id.* at 1066.

The district court did not err by applying the crime fraud exception to allow Watters's counsel to testify because the judge (1) properly placed the burden on the government to prove the exception applied; (2) was presented with sufficient evidence to conclude that Watters had given a forged receipt to Axup with the intent of obstructing justice and making a false statement; and (3) had discretion in determining whether to review further evidence in camera. *See United States v. Zolin*, 491 U.S. 554, 572 (1989); *United States v. Chen*, 99 F.3d 1495, 1503 (9th Cir. 1996).

Because there is no evidence that plea discussions took place between Watters and the government, the district court did not err in rejecting Watters's argument the government violated Fed. R. Evid. 410 and Fed. R. Crim. P. 11.

Watters was not entitled to act of production immunity because he was not compelled to produce the receipt. *See United States v. Hubbell*, 530 U.S. 27, 35-36 (2000).

The prosecutor's statements in opening and closing argument that he received the receipt from Axup presented no danger of unduly influencing the jury and therefore did not violate the advocate-witness rule because there was no dispute that Axup had given the receipt to the prosecutor. *See United States v. Sayakhom*, 186 F.3d 928, 943 (9th Cir. 1999).

In light of the great latitude afforded district courts when deciding to read back testimony to the jury, the district court did not abuse its discretion in denying the jury's request for a read back of Axup's testimony. *See United States v. Nolan,* 700 F.2d 479, 486 (9th Cir. 1983).

The evidence was sufficient to support a conviction because a rational juror could easily have concluded that Watters forged the receipt based on Kim Wiltz's testimony that: (1) the receipt misspelled her business's name; (2) her business did not issue handwritten receipts; (3) she had never had an employee named Teddy

Reeves; (4) she had never seen the receipt; and (5) the cars listed thereon were never in her inventory. *See United States v. Clevenger*, 733 F.2d 1356, 1358 (9th Cir. 1984).

The district court did not err when it declined to reduce Watters's sentence for acceptance of responsibility because the only evidence supporting that reduction, a contrite letter from Watters, was written and received post-conviction. *See United States v. Martinez-Martinez*, 369 F.3d 1076, 1090 (9th Cir. 2004).

Because we hold there was no error committed by the district court, there is no cumulative error on which to base Watters's Due Process claim. *See Jackson v. Brown*, 513 F.3d 1057, 1085 (9th Cir. 2008).

**AFFIRMED.**