**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2016



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30205 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00082-BMM-1 |
| v. | |
| BASIL DONEY, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 10, 2016[**]
Seattle, Washington

Before: EBEL,[***] PAEZ, and BYBEE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Basil Doney, Jr., appeals his conviction for two counts of aggravated sexual abuse, 18 U.S.C. §§ 1153(a), 2241(a), as well as the trial court's denial of his motion for a bill of particulars. We affirm.

1. We are obligated to affirm Doney's conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The only element Doney challenges is whether he "knowingly cause[d] another person to engage in a sexual act . . . by using force against that other person." 18 U.S.C. § 2241(a)(1); *see also id.* § 2246(2)(A) (defining "sexual act"). L.G.B. testified that during the middle of the night Doney came into the room in which she was sleeping, woke her, and forcibly "put his penis inside of [her] vagina." O.G. testified to the same conduct. Doney denied it ever happened. The trial judge found both victims credible.

We recognize that neither victim could state with precision the date of the separate attacks, as they occurred years earlier when the victims were just twelve or thirteen years old. But the trial court gave adequate explanations for the minor inconsistencies in the victims' testimony. *See United States v. Clevenger*, 733 F.2d 1356, 1359 (9th Cir. 1984) ("The trier of fact has a wide latitude in which to decide which witnesses to believe or disbelieve. The [trier of fact] [is] free to accept or reject [a witness's] testimony in whole or in part." (citation omitted)). Moreover,

2

other testimony showed that Doney had been at the trailer at the same time as L.B.G. and O.G. on occasions during which the rapes could have occurred, consistent with L.B.G.'s and O.G.'s testimony. The evidence was sufficient to convict. *United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) ("It is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction." (internal quotation marks omitted)).

2. The trial court did not abuse its discretion when it denied Doney's motion for a bill of particulars. There is no dispute that "discovery [was already] completed" when Doney filed his motion, and that the government had "disclosed [its] entire [case] file[,] including witness statements" to Doney at that point. "Full discovery . . . obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

**AFFIRMED.**