NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30071 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 6:18-cr-00010-CCL-1 |
| GABRIEL ELIJAH KANE ARKINSON, AKA Daniel Elijahkane Arkinson, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted February 5, 2021**
Seattle, Washington

Before: McKEOWN and PAEZ, Circuit Judges, and ORRICK,*** District Judge.

Gabriel Arkinson ("Arkinson") appeals his convictions for conspiracy to

commit robbery affecting commerce in violation of 18 U.S.C. § 1951(a); robbery

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

affecting commerce in violation of § 1951(a); and possession of a firearm in violation of § 924(c)(1)(A)(ii).  We have jurisdiction under 18 U.S.C. § 1291.  Reviewing de novo, we affirm.  *See United States v. Gonzales*, 528 F.3d 1207, 1211 (9th Cir. 2008).

**1.** Arkinson challenges the district court's denial of his post-trial motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c).  Arkinson argues that there was insufficient evidence to support his convictions.  We apply a two-step inquiry when reviewing a Rule 29 challenge to a conviction for insufficiency of the evidence.  *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).  First, we view the evidence "in the light most favorable to the prosecution."  *Id.*  Viewing the evidence in the light most favorable to the prosecution includes "draw[ing] all reasonable inferences favorable to the government."  *United States v. Tabacca*, 924 F.2d 906, 910 (9th Cir. 1991).  Second, we must "determine whether th[e] evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'"  *Nevils*, 598 F.3d at 1164 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

Here, there was sufficient evidence to convict Arkinson of all three counts of conviction.  Arkinson argues that there was insufficient evidence that he was one

2

of the three people who committed the robbery.[1]  First, viewing the evidence in the light most favorable to the prosecution, the government presented the testimony of Curtis Alexander that Arkinson was one of the robbers.  Second, whether a rational trier of fact could convict Arkinson hinges on Alexander's credibility.  But we are not free to substitute our credibility assessment for the jury's. *United States v. Clevenger*, 733 F.2d 1356, 1359 (9th Cir. 1984).  And Alexander's testimony alone was sufficient to identify Arkinson as one of the robbers, with or without corroborating evidence.  *See United States v. Ginn*, 87 F.3d 367, 369 (9th Cir. 1996) (citing *United States v. Smith*, 563 F.2d 1361, 1363 (9th Cir. 1977)).[2]

Arkinson's reliance on *United States v. Whitson*, 587 F.2d 948 (9th Cir. 1978), is misplaced.  *Whitson* held that illegally obtained evidence that was

---

[1] Arkinson also argues that "to the extent that the district court found that Appellant 'agreed' to rob the victims . . . even [Curtis] Alexander said that Appellant was 'sleeping' when co-defendants talked about the robbery initially." Construing this argument as a challenge to the agreement in furtherance of a conspiracy, sufficient evidence supports the existence of an agreement.  Although Alexander testified that Arkinson was sleeping "the first time" the co-defendants discussed the robbery, Alexander testified that Arkinson later agreed to participate in the robbery.

[2] The district court's application of the accomplice-specific test from *United States v. Lopez*, 803 F.2d 969, 973 (9th Cir. 1986), did not narrow the district court's inquiry.  The accomplice-specific test from *Lopez* mirrors the general standard that the testimony of a single witness can prove identity, *see Smith*, 563 F.2d at 1363, but adds the additional requirement that testimony must not be incredible or unsubstantial.

admissible as impeachment evidence could not be used to determine guilt or innocence. 587 F.2d at 952–53. Because there is no allegation that the government used illegally obtained evidence as impeachment evidence, and the "impeaching" evidence identified by Arkinson—the testimony of two witnesses who contradicted Alexander—was admitted as substantive evidence, *Whitson* is inapposite.

**2.** As Arkinson concedes, our recent opinion in *United States v. Dominguez*, 954 F.3d 1251, 1260–61 (9th Cir. 2020), forecloses his argument that Hobbs Act robbery, 18 U.S.C. § 1951, is not a crime of violence.

**AFFIRMED.**